ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Joseph N. Akrotirianakis State Bar No. 197971
   JAkro@aalrr.com
Anthony P. Niccoli     State Bar No. 219118
   ANiccoli@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Plaintiff ATTEBURY GRAIN, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ATTEBURY GRAIN, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GRAYN COMPANY, a corporation; VINCENTE CORTEZ, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. UNJUST ENRICHMENT;<br>2. FRAUDULENT TRANSFER [California Civil Code §§ 3439.04, 3439.07, 3439.09]<br>3. FRAUDULENT TRANSFER [California Civil Code §§ 3439.04, 3439.04, 3439.07, 3439.09]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ATTEBURY GRAIN, LLC ("ATTEBURY") hereby complains against defendants GRAYN COMPANY and VINCENTE CORTEZ as follows:

1. This Court has jurisdiction under 28 U.S.C. § 1332, because there is diversity of citizenship between the parties and an amount in controversy is greater than $75,000.

## **VENUE**

2. Venue within this District is proper pursuant to 28 U.S.C § 1391, because the events giving rise to this Complaint occurred in this District.

**PARTIES**

3. ATTEBURY is a limited liability company organized under the laws of the State of Texas, headquartered in Amarillo, Texas.

4. Defendant GRAYN COMPANY ("GRAYN"), is a corporation formed under the laws of the State of California with a principal place of business in Vernon, California.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant VINCENTE CORTEZ ("CORTEZ") is an individual who resides in Vernon, CA.

6. Plaintiff is informed and believes, and thereon alleges, that there exists, and at all times relevant there has existed, a unity of interest between the Superior Grain Company (hereinafter "Debtor" or "Superior") and GRAYN and CORTEZ, such that any individuality and separateness between and among them has ceased, Defendants GRAYN and CORTEZ are the alter egos and successors of Superior Grain, and adherence to the fiction of the separate existence of each of the corporations and individual as entities distinct and separate from one another would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

**GENERAL ALLEGATIONS**

7. ATTEBURY is informed and believes, and thereon alleges, that Superior was founded and incorporated as an S Corporation in 2008, wherein CORTEZ owned 100% of the shares of stock.

8. In or about 2011, ATTEBURY entered into contracts (Contract nos. 55854 and 56038) with Superior to deliver 110,000 bushels of U.S. # 1 white corn. These contracts expressly provided that any dispute arising under the contracts would be submitted to arbitration under the rules adopted by the National Grain and Feed Association. Superior accepted the shipments of U.S. # 1 white corn and failed to pay the agreed upon amount for these shipments.

9. ATTEBURY pursued arbitration of its failure to pay claim against Superior before the National Grain and Feed Association as case no. 2606. The National Grain and Feed Association arbitration decision was issued on February 14, 2013 ("Arbitration Award"). The arbitration committee determined that ATTEBURY was entitled to $825,706.95 on its claims against Superior.

10. On July 16, 2013, ATTEBURY confirmed the arbitration award and obtained judgment against Superior (the "Judgment") in the United States District Court for the Northern District of Texas, Case No. 2:13-CV-00058-J (the "Texas Action"). Attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth is a true and correct copy of the Judgment. To date, Superior has not paid anything in satisfaction of the Judgment.

11. On or about August 2, 2013, ATTEBURY recorded a Notice of Judgment Lien. Attached hereto as Exhibit "B" and incorporated herein by reference as if fully set forth is a true and correct copy of the Notice of Judgment Lien.

12. On October 1, 2013, ATTEBURY registered the Judgment in United States District Court for the Central District of California, Case No. 13-MC-00328. Attached hereto as Exhibit "C" and incorporated herein by reference as if fully set forth is a true and correct copy of the registration of the Judgment in the Central District of California, and ATTEBURY began pursuing collection efforts against Superior.

13. On or our about October 16, 2014, Superior filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

14. Plaintiff is informed and believes and thereon alleges that Superior ran up insurmountable debts, including the debt to ATTEBURY. Rather than satisfy its debts, Superior purported to close its doors, only for CORTEZ and his family to open and operate the exact same business, now named GRAYN, pretending it was not the same company.

15. Plaintiff is informed and believes and thereon alleges that GRAYN is Superior, the distinction between the two being in name only. GRAYN is owned by the same individuals as Superior; operates out of the same office as Superior; utilizes the same equipment previously used by Superior; and even has the same telephone number as Superior.

### GRAYN and Superior Are the Same Entity

16. Plaintiff is informed and believes and thereon alleges that Superior and GRAYN share, among other things, (1) the office space, address and telephone numbers; (2) the same ownership, officers, and directors; (3) the same employees and independent contractors; (4) the same customers; (5) the same equipment; and (6) other assets.

**A. GRAYN Opened Virtually Simultaneously With Superior's Supposed "Shut Down"**

17. Records of the California Secretary of State indicate that GRAYN was incorporated on or about July 9, 2012, approximately three weeks before Superior supposedly closed its doors on August 31, 2012. In fact, Superior never stopped operating, but simply changed its name to GRAYN.

**B. Superior and GRAYN Operate the Same Business**

18. GRAYN conducts the same type of business that Superior engaged in pre-petition, that is, to process and clean white corn used mainly in tortilla products.

**C. Superior and GRAYN Have the Same Ownership**

19. GRAYN and Superior have the same ownership, Vincent A. Cortez was/is the 100% shareholder of Superior/GRAYN.

**D. Superior and GRAYN Have the Same Address and Use the Same Phone Number**

20. Superior and GRAYN have the same business location and address, 2712 E. 46th Street, Vernon, CA 90058.

21. GRAYN is operating out of the same building as Superior.

22. GRAYN uses the same or at least one of the same telephone numbers that Superior had used.

### E. **Superior and GRAYN Have Identical Employees**

23. Plaintiff is informed and believes and thereon alleges both Superior and GRAYN share identical employees.

### F. **Superior and GRAYN Have Identical Customers**

24. Plaintiff is informed and believes and thereon alleges GRAYN is serving the same customers in the operation of its business that Superior served.

### G. **GRAYN Uses Superior's Equipment to Run Its Identical Business**

25. GRAYN is using the same equipment utilized by Superior to conduct its pre-petition business operations.

26. As CORTEZ's son Juan Manuel Cortez has testified, GRAYN uses the same equipment that Superior used to run its identical business, including but not limited to the following:

- Three (3) Grain Elevators;
- Three (3) Bins;
- Metal Silos;
- Conveyors;
- Color Sorter;
- Blowers; and
- Grain Cleaner.

### H. **GRAYN Paid No Consideration for the Equipment or Other Assets of Superior Now Used By GRAYN**

27. GRAYN did not give any consideration for the Superior equipment that it is now using.

### I. **The Books and Records of Superior Are Kept at GRAYN'S Offices**

28. The books and records of Superior are now maintained by GRAYN at the office out of which GRAYN now operates, once Superior's office.

- 5 -
COMPLAINT

## FIRST CLAIM FOR RELIEF

## Unjust Enrichment

## (Against THE GRAYN COMPANY and CORTEZ)

29. Plaintiff incorporates and realleges paragraphs 1 through 29 as though fully set forth herein.

30. Plaintiff is informed and believes and thereon alleges Defendants GRAYN and CORTEZ acquired Superior's funds or other assets for less than fair and reasonable value and without the Debtor Superior's proper consent.

31. Plaintiff is informed and believes and thereon alleges that Defendants GRAYN and CORTEZ now have possession of the funds and/or assets for which Superior received no valuable consideration, in an amount known only to GRAYN and CORTEZ.

32. Plaintiff is informed and believes and thereon alleges Defendants GRAYN and CORTEZ knew or should have known that they were not entitled to Superior's funds and/or assets.

33. Plaintiff is informed and believes and thereon alleges Defendants GRAYN and CORTEZ have transferred or caused to be transferred, without consideration or justification, all of the remaining assets of the Debtor, Superior, to Defendant GRAYN and CORTEZ.

34. As a proximate result of the wrongful retention of the Debtor's funds or other assets by Defendants GRAYN and CORTEZ, as alleged above, GRAYN and CORTEZ have been unjustly enriched.

35. As alter egos of Superior, GRAYN and CORTEZ are required to satisfy the $825,706.95 Judgment, which remains due and owing, all to Plaintiff's damages suffered at the hands of GRAYN and CORTEZ's unjust enrichment.

## SECOND CLAIM FOR RELIEF

**Avoidance of Intentional Fraudulent Transfer-California Civil Code**

**§§ 3439.04, 3439.07, 3439.09**

**(Against THE GRAYN COMPANY and CORTEZ)**

36. Plaintiff hereby incorporates by reference paragraphs 1 through 36 and realleges those paragraphs as though set forth in full.

37. Plaintiff is informed and believes and on that basis alleges, during the four (4) years prior to the date of Superior's bankruptcy petition, Superior transferred its assets to GRAYN and CORTEZ, including, but not limited to, the assets and equipment and property alleged above (collectively referred to as the "Transfers").

38. At the times mentioned herein, Superior's assets and property were improperly transferred to GRAYN and CORTEZ and possibly others.

39. Plaintiff is informed and believes and on that basis alleges that the Transfers constitute a transfer of property prohibited by the Uniform Fraudulent Transfer Act, California Civil Code § 3439, et seq.

40. Plaintiff is informed and believes and on that basis alleges that the Transfers were made with the intent to hinder, delay, or defraud Superior's creditor, ATTEBURY.

41. Plaintiff may avoid the Transfers pursuant to California Civil Code § 3439.04, et seq., and Plaintiff is entitled to be compensated the $825,706.95 Judgment out of the Transfers, because GRAYN and CORTEZ are the alter ego of Superior.

/ / /

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

### Avoidance of Constructive Fraudulent Transfer - California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09

### (Against THE GRAYN COMPANY and CORTEZ)

42. Plaintiff hereby incorporates by reference paragraphs 1 through 42 and realleges those paragraphs as though set forth in full.

43. Plaintiff is informed and believes and based thereon alleges that during the four (4) years prior to the Petition Date, Superior transferred its assets to Defendants GRAYN and CORTEZ, including but not limited to the Transfers. At the times mentioned herein, Superior's property was improperly transferred by Defendant GRAYN and CORTEZ or by others on GRAYN's and CORTEZ's behalf to Defendant GRAYN and CORTEZ and possibly others.

44. Plaintiff is informed and believes and on that basis alleges that the Transfers constitute a transfer of property prohibited by the Uniform Fraudulent Transfer Act, California Civil Code § 3439, et seq.

45. Plaintiff is informed and believes and on that basis alleges that there are present creditors of Superior, principally ATTEBURY, that existed at the time of the Transfers that remain unpaid as of the Petition Date and continue to remain unpaid.

46. Plaintiff is informed and believes and on that basis alleges that the Transfers were made: (a) for less than reasonably equivalent value, or any value, in exchange for said transfers; (b) while Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or the transaction; (c) while Debtor intended to incur, or believed or reasonably should have believed Debtor would incur, debts beyond Debtor's ability to pay them as they became due; (d) at a time while Debtor was insolvent and/or was rendered insolvent by virtue of the transfers; (e) after the debtor had been sued or threatened with suit; and/or (f) Debtor

transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

47. Based on the forgoing, Plaintiff may avoid the Transfers pursuant to California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09, and Plaintiff is entitled to be compensated the $825,706.95 Judgment out of the Transfers, because GRAYN and CORTEZ are the alter egos of Superior.

## PRAYER

**WHEREFORE**, ATTEBURY prays for judgment against Defendants as follows:

1. Awarding Plaintiff at least the Judgment amount of $825,706.95.
2. For avoidance of the Transfers under California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09.
3. For damages in the sum to be determined at trial.
4. For recoverable attorney fees.
5. For interest at the legal rate.
6. For Plaintiff's costs of suit herein incurred.
7. For such other and further relief as the Court deems equitable, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action asserted in this Complaint.

Dated: July 13, 2015

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/
Joseph N. Akrotirianakis
Attorneys for Plaintiff ATTEBURY GRAIN, LLC

# EXHIBIT A

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

By s/ BELIA GONZALES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
September 20, 2013

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUL 16 AM 11:18

DEPUTY CLERK ___

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| ATTEBURY GRAIN, LLC | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. 2:13-cv-00058-J |
| | § | |
| SUPERIOR GRAIN COMPANY | § | |

2:13MC329

## FINAL JUDGMENT

Judgment is entered for Plaintiff Attebury Grain, LLC and against Superior Grain Company for $825,706.95. This judgment is a final judgment on the causes of action of Plaintiff Attebury Grain, LLC.

The Court having granted Plaintiff's motion for entry of a final default judgment in favor the Plaintiffs, it is therefore

ORDERED, ADJUDGED and DECREED that Plaintiff Attebury Grain, LLC have and recover the sum of Eight Hundred Twenty Five Thousand, Seven Hundred and Six Dollars and Ninety-Five Cents ($825,706.95) in damages from Defendant Superior Grain Company, their court costs as supported by a timely filed bill of costs; and it is

FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff recover post-judgment interest on the total amount awarded herein at an annual rate of 0.11% per annum from the date of this Judgment until it is paid in full.

IT IS SO ORDERED, ADJUDGED and DECREED.

Signed and Entered on the 16th day of July, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT – PAGE SOLO

# EXHIBIT B

**NOTICE OF JUDGMENT LIEN**
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form.)

A. NAME & PHONE OF FILER'S CONTACT (optional)
Davis Purcell

B. SEND ACKNOWLEDGMENT TO: (NAME AND ADDRESS)

Davis Purcell
Wells, Purcell & Kraatz, P.C.
1619 Pennsylvania Ave.
Fort Worth, Texas 76104
(817) 335-5525
(817) 335-6208 (Fax)
dpurcell@wpklawfirm.com

13-7372521495
08/02/2013 17:00

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

38870950002   UCC 1 FILING

THIS SPACE FOR FILING OFFICE USE ONLY

**1. JUDGMENT DEBTOR'S EXACT LEGAL NAME** – Insert only one name, either 1a or 1b. Do not abbreviate or combine names.

1a. ORGANIZATION'S NAME: Superior Grain Company

| 1b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2721 E. 46th Street | Vernon | CA | 90058 | US |

**2. JUDGMENT CREDITOR'S NAME** – Do not abbreviate or combine names.

2a ORGANIZATION'S NAME: Attebury Grain, LLC

| 2b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | SUFFIX |
|---|---|---|---|
| | | | |

| 2c MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3905 Bell Street, Suite A | Amarillo | TX | 79109 | US |

**3. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.**

A. Title of court where judgment was entered: In the United States District Court, Northern District of Texas - Amarillo Division

B. Title of the action: Attebury Grain, LLC v. Superior Grain Company

C. Number of this action: Civil Action No 2:13-cv-00058-J

D. Date judgment was entered: July 16, 2013

E. Date of subsequent renewals of judgment (if any): _____

F. Amount required to satisfy judgment at date of this notice: $ $825,706.95

G. Date of this notice: July 30, 2013

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

SIGNATURE – SEE INSTRUCTION NO. 4 Davis Purcell, Wells, Purcell & Kraatz    Dated: July 31, 2013  (If not indicated, use same as date in item 3G.)

FOR: Attorney for Attebury Grain, LLC

FILING OFFICE COPY          NOTICE OF JUDGMENT LIEN (FORM JL1) (Rev. 6/01)
                            Approved by the Secretary of State

- 13 -

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUL 16  AM 11: 16

DEPUTY CLERK _____

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

ATTEBURY GRAIN, LLC         §
                            §
VS.                         §   CIVIL ACTION NO. 2:13-cv-00058-J
                            §
SUPERIOR GRAIN COMPANY      §

## FINAL JUDGMENT

Judgment is entered for Plaintiff Attebury Grain, LLC and against Superior Grain Company for $825,706.95. This judgment is a final judgment on the causes of action of Plaintiff Attebury Grain, LLC.

The Court having granted Plaintiff's motion for entry of a final default judgment in favor the Plaintiffs, it is therefore

ORDERED, ADJUDGED and DECREED that Plaintiff Attebury Grain, LLC have and recover the sum of Eight Hundred Twenty Five Thousand, Seven Hundred and Six Dollars and Ninety-Five Cents ($825,706.95) in damages from Defendant Superior Grain Company, their court costs as supported by a timely filed bill of costs; and it is

FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff recover post-judgment interest on the total amount awarded herein at an annual rate of 0.11% per annum from the date of this Judgment until it is paid in full.

IT IS SO ORDERED, ADJUDGED and DECREED.

Signed and Entered on the 16th day of July, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT – PAGE SOLO

- 15 -

# EXHIBIT C

AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

FILED
CLERK, U.S. DISTRICT COURT

OCT - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| ATTEBURY GRAIN, LLC <br> *Plaintiff* <br> v. <br> SUPERIOR GRAIN COMPANY <div>*Defendant*</div> | ) <br> ) <br> ) <br> ) <br> ) |

2:13ML328

Civil Action No. 2:13-CV-00058-J

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    07/16/2013   .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:    09/20/2013

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk



Case 2:15-cv-05258-AB-PJW Document 1 Filed 07/13/15 Page 17 of 17 Page ID #:17
Case 2:13-mc-00328-GW Document 1 Filed 10/01/13 Page 1 of 1 Page ID #:2
Case 2:13-cv-00058-J Document 9 Filed 07/16/13 Page 1 of 1 PageID 53

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK
BY /s/ BELIA GONZALES
DEPUTY CLERK
U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS
September 20, 2013

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2013 JUL 16 AM 11:18
DEPUTY CLERK _____

2:13MC328

FILED
CLERK, U.S. DISTRICT COURT
OCT -1 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ATTEBURY GRAIN, LLC §
§
VS. § CIVIL ACTION NO. 2:13-cv-00058-J
§
SUPERIOR GRAIN COMPANY §
§

## FINAL JUDGMENT

Judgment is entered for Plaintiff Attebury Grain, LLC and against Superior Grain Company for $825,706.95. This judgment is a final judgment on the causes of action of Plaintiff Attebury Grain, LLC.

The Court having granted Plaintiff's motion for entry of a final default judgment in favor the Plaintiffs, it is therefore

ORDERED, ADJUDGED and DECREED that Plaintiff Attebury Grain, LLC have and recover the sum of Eight Hundred Twenty Five Thousand, Seven Hundred and Six Dollars and Ninety-Five Cents ($825,706.95) in damages from Defendant Superior Grain Company, their court costs as supported by a timely filed bill of costs; and it is

FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff recover post-judgment interest on the total amount awarded herein at an annual rate of 0.11% per annum from the date of this Judgment until it is paid in full.

IT IS SO ORDERED, ADJUDGED and DECREED.

Signed and Entered on the 16th day of July, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT – PAGE SOLO